## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

JOHN DOE #12,

      **Plaintiff,**

      *vs.*

WILLIAM B. LEE, *et al.*,

      **Defendants.**

**Motion GRANTED.**

*[signature]*

**Case No. 3:22-cv-00712**

**Judge Trauger**

### PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM
### AND FOR PROTECTIVE ORDER

Plaintiff hereby moves the Court for permission to proceed in this action under the pseudonym "John Doe #12" and to enter a protective order barring the disclosure of Plaintiff's true name or other information that identifies Plaintiff or Plaintiff's family members, directly or indirectly, and requiring that any documents containing such information be redacted or filed under seal.

In support of this motion, Plaintiff relies upon his supporting memorandum and the entire record in this case and states:

1. Courts "may excuse plaintiffs from identifying themselves in certain circumstances" where "a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

2. Fed. R. Civ. Proc. 26(c) authorizes the Court to "make any order which justice requires to protect the party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon motion of a party.

3. Because of the stigma attached to sex offenders and sex offender registration, it is common for courts, including this Court, to allow sex offenders challenging the constitutionality of sex offender registry laws to proceed under pseudonyms. *See, e.g., Doe v. Lee*, 3:16-cv-02862 (M.D.